

FILED

03/01/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0093

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0093

FILED

FEB 2 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DARRIN WILLIAM MATT,

    Petitioner,

v.

DONALD BELL,
Lake County Sheriff,

    Respondent.

O R D E R

Representing himself, Darrin William Matt has filed his fourth Petition for Writ of Habeas Corpus in a two-month period with this Court. Matt indicates, as before, that his incarceration is illegal and that his bail is excessive. Matt is being held in the Lake County Jail.

Matt states that his bail is excessive due to the consecutive bond imposed for two pending criminal cases. He further states that he is "in jail because [he] can't afford to pay bond . . ." and that he has "technically been sentenced to jail," after spending more than 147 days there. He contends that the criminal justice system is "systematically against minorities, like [himself]." *See U.S. v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095 (1987). Matt requests release on his own recognizance or redress. He attaches seventy-two pages of documents.

This Court is familiar with Matt's underlying cases because we have requested several iterations of the register of actions. In his pending case for the offense of felony assault on a peace officer, the District Court held a jury trial, and the jury reached a verdict on February 6, 2023. In his other case for felony criminal possession of dangerous drugs, the court has set the matter for a jury trial, and most recently, it issued an Omnibus Hearing Memorandum and Order. Matt is represented by counsel in both cases.

Matt has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Matt's reference to *Salerno* is unavailing because that high court case concerned the constitutionality of a provision in federal law, specifically the Bail Reform Act of 1984. 481 U.S. at 748, 107 S. Ct. at 2102 (citing 18 U.S.C. § 3142(f)). Matt has received a conviction in one case, and a trial is pending in his second case. As stated previously, the District Court has the discretion to grant or deny release and bail as well to set conditions. *Grafft v. Mont. Fourth Judicial Dist. Ct.*, 2021 MT 201, ¶ 11, 405 Mont. 192, 492 P.3d 1213. Under Montana law, the District Court must consider the offenses as well as the safety of the community in reaching a bail amount. Sections 46-9-108(1), and 46-9-311, MCA. Matt has not demonstrated that his bail is excessive, and he has not shown want of bail, pursuant to § 46-22-103, MCA.

Matt should refrain from filing pleadings on his own behalf with this Court while he is represented by counsel. M. R. App. P. 10(1)(c). Accordingly,

IT IS ORDERED that Matt's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Molly Owen, District Court Judge; Lyn Fricker, Clerk of District Court, under Cause No. DC 22-285 and DC 22-300; Donald Bell, Lake County Sheriff; Brendan McQuillan, Lake County Attorney's Office; Colton Risinger and Haleigh Thrall, Defense Counsel; counsel of record, and Darrin William Matt personally.

DATED this 28 day of February, 2023.

_____

_____
Justices